Alvin Hawkins, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted in the Circuit Court of Shelby County, for burning a house, the property of W. V. Roberts and Lizzie Roberts.
He plead not guilty; was tried and convicted, and sentenced to five years’ imprisonment in the penitentiary *361 of the State. Motions for a new trial, and in arrest of judgment, were entered and overruled; and an appeal in error prosecuted to this Court.
Various grounds of error have been assigned in argument, hut we deem it necessary to notice but two.
The proof shows that W. V. Roberts and Lizzie Roberts, the alleged owners of the house, were husband and wife; that, at the time the house was burned, they were absent from home, on a visit to Mississippi.
The prosecution was permitted to prove, over the objections of the defendant, that, at the time the house was burned, it was insured against loss or damage by fire, in the office of the Planters’ Insurance Company, of Memphis, Tennessee; and there is proof tending to show, that the plaintiff in error burned the house by the procurement of W. V. Roberts, to enable W. V. Roberts and his wife, to collect from the insurance company the amount of money for which it had been insured.
The Court, among other things, instructed the jury, that it was not arson at common law for a party to burn his own house, or to procure it to be done, even though it was done to defraud an insurer — this latter act being only a misdemeanor, at common law; but that now, by section 4670 of the Code, it was raised to a felony. And the Court had permitted the policy of insurance to be read to the jury, and the other proof as to the house being insured to go to the jury as evidence upon the subject of the felonious intent of the defendant; and if the jury are satisfied from the proof, that the defendant burned the house, under the circumstances stated, willfully and maliciously, and that *362 he did so by the procurement of ~W. ~V- Roberts, to enable him or his wife, Lizzie Roberts, to collect from the insurance office the policy of insurance, then he would be guilty, under section 4666 of the Code, because of the felonious intent with which he did the act.
The common law definition of arson is carried into the Code, at section 4666: the provisions of which are as follows: “Any person who willfully and maliciously burns the house or out-house of another, is guilty of arson.”
Neither at common law, or under section 4666 of the Code, is it arson for a man to burn his own house, or to procure it to be done, even for the purpose of injuring an insurer, by the burning thereof.
An agent, who commits an act, can, upon general principles, be guilty of no higher or greater offense than the principal would have been had he committed the act himself.
At common law, the burning up of one’s own house, to defraud or injure an insurer, was a misdemeanor, but not a felony; but, by section 4670 of the Code, it is declared:
“If any person willfully burn any building, goods, wares, merchandise, or other chattels, which are insured against loss or damage by fire, or willfully cause or procure the same to be burned, with intent to injure the insurer, whether such person be the owner of the property or not, he shall be punished by imprisonment in the penitentiary, not exceeding ten years.”
Under our Code, as well as under the common law, *363 it is a felony willfully and maliciously to burn the house or out-house of another, and is punishable under the Code by imprisonment in the penitentiary for a period not less than Jive nor more than twenty-one years; and, by another section of the Code, the willfully burning any house, &c., which is insured against loss or damage by fire, or willfully procuring the same to be burned, is made a felony, and is punishable by imprisonment in the penitentiary for any period not exceeding ten years.
These are distinct, substantive offenses, neither of which consists of different degrees; nor is either necessarily included within the other.
The admission of evidence offered upon the trial by the prosecution, for the purpose of showing that the accused was guilty of the offense mentioned in section 4670 of the Code, was erroneous. This is not the charge he is required to answer.
The instructions of His Honor to the jury, that, if they were satisfied from the proof that the accused wil-fully and maliciously burned the house, by the procurement of W. V. Roberts, to enable him or his wife, Lizzie Roberts, to collect the policy of insurance from the insurance company, then he would be guilty, under section 4666 of the Code, was also erroneous.
The principle which His Honor supposed to authorize these instructions, has no application. The same reasoning would apply to the owner, who might burn his own house, and the result would be, that if the owner, willfully and maliciously burned his own house, in order to injure the insurer, he would be guilty of *364 arson; or, in the words of the statute, of “willfully and maliciously burning the house of another.”
To show that this proposition is erroneous, it is only necessary that it be stated.
Let the judgment be reversed, and the cause remanded.